**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MICHAEL H. MICHMERHUIZEN**
Helmke Beams, LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**M. BRUCE SCOTT**
Barrett & McNagny LLP
Fort Wayne, Indiana



FILED
Nov 13 2012, 9:39 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| ROBIN R. GORDON, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No.  92A05-1205-DR-279 |
| | ) | |
| BENNY B. GORDON, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE WHITLEY SUPERIOR COURT
The Honorable Douglas Fahl, Judge
Cause No. 92D01-1009-DR-281

**November 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

After dissolving the marriage of Benny Gordon ("Father") and Robin Gordon ("Mother"), the trial court ordered joint legal custody of their child, S.G. Mother raises one issue for our review, which we restate as whether the trial court abused its discretion by ordering joint legal custody. Concluding the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

Mother and Father were married in 1995 and had one child, S.G., who was born in 1997. In 2010, Father petitioned for dissolution of their marriage. The trial court issued a provisional order, awarding Mother sole custody of S.G. In May of 2011, the trial court modified its provisional order, but Mother maintained sole custody of S.G. After a final hearing, the trial court entered its findings of fact and conclusions of law, including:

### COURT'S FINDINGS

The Court now FINDS the following:

1. [Father] has lived in Indiana for six months prior to the filing of this action and in Whitley County for three months prior to the filing of this action.
* * *
5. There has been an irretrievable breakdown of the marriage.
6. [Mother] has been the primary caregiver of the minor child.
7. The minor child suffers from numerous medical conditions including allergies, asthma, as yet undiagnosed stomach issues, ADHD and further struggles educationally due to his diagnosed dyslexia and memory deficiencies.
* * *
13. [Father] and [Mother] have a history of being unable to communicate effectively. The Court would find that both parties have engaged in behavior that puts their own needs and feelings above the best interest of the minor child.
14. The Court would find that the parties would benefit from enrollment and completion of the Family Enrichment Series provided by Right Relations, Inc.

2

15.  That [Father] is employed . . . .  [Father] has reduced his overtime hours on some days and weekends so that he can exercise parenting time . . . .

16.  That [Mother] is not employed and has not been employed for a consistent period of time . . . .  [Mother] has a college degree and [Father] has no such post-secondary degree.  Testimony was given by both parties that for years [Father] urged [Mother] to get a job and [Mother] refused other than procuring part time employment once for a few months with the United States Census.  [Father] testified that he was forced to work such substantial overtime hours to cover all the household expenses due to [Mother]'s refusal to work and that his income was not always enough to cover such expenses; the Court finds this testimony to be credible looking at the balance sheets as well as the evidence and testimony of the debts and liabilities of the parties.  The parties both testified that [Mother] was physically able to work.

* * *

CONCLUSIONS OF LAW AND ORDER

* * *

2.  [Mother] shall have primary physical custody of the minor child and [Father] shall have parenting time pursuant to the Indiana Parenting Time Guidelines.

3.  It is in the best interests of the minor child that the Parties share joint legal custody.

* * *

9.  The Court would find that the parties would benefit from enrollment and completion of the Family Enrichment Series provided by Right Relations, Inc. and would order the parties to provide proof of enrollment within thirty (30) days from the date of this decree.

Appellant's Appendix at 9-16.  Additionally, the trial court's entry listed the terms Mother and Father agreed to, including Mother having primary physical custody of S.G., Father having parenting time with S.G., Father paying child support pursuant to the Indiana Child Support Guidelines,[1] the method of paying for any uninsured medical expenses for S.G., Father maintaining health insurance for S.G., Father continuing to reside in the marital residence until it can be sold and the proceeds split equally, and splitting any refund from their joint tax return for 2010.

_____

[1] While the trial court's order actually refers to child support being based on the Indiana Parenting

3

Mother moved to correct error, and the trial court denied her motion.  Mother now appeals.  Additional facts will be provided as appropriate.

## Discussion and Decision

### I.  Standard of Review

When reviewing a custody determination, we afford the trial court considerable deference as it is the trial court that observes the parties' conduct and demeanor and hears their testimonies.  We review custody modifications for an abuse of discretion with a preference for granting latitude and deference to our trial judges in family law matters.  We will not reweigh the evidence or judge the credibility of witnesses.  Rather, we will reverse the trial court's custody determination based only upon a trial court's abuse of discretion that is clearly against the logic and effect of the facts and circumstances or the reasonable inferences drawn therefrom.  It is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by the appellant before there is a basis for reversal.

When the trial court enters special findings of fact and conclusions based on those findings pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard of review: whether the evidence supports the findings and whether the findings support the order.  To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom.

In re Paternity of C.S., 964 N.E.2d 879, 883 (Ind. Ct. App. 2012) (quotations and citations omitted), trans. denied.

### II.  Joint Legal Custody

"The court may award legal custody of a child jointly if the court finds that an award of joint legal custody would be in the best interest of the child."  Ind. Code § 31-17-2-13.  Who is awarded legal custody determines who will make "the major decisions concerning the child's upbringing, including the child's education, health care, and religious training."  Ind. Code § 31-9-2-67.  Indiana Code section 31-17-2-15 provides:

---

Time Guidelines, we assume it meant the Child Support Guidelines.  Regardless, this issue is not in dispute.

In determining whether an award of joint legal custody under section 13 of this chapter would be in the best interest of the child, the court shall consider it a matter of primary, but not determinative, importance that the persons awarded joint custody have agreed to an award of joint legal custody. The court shall also consider:

(1) the fitness and suitability of each of the persons awarded joint custody;

(2) whether the persons awarded joint custody are willing and able to communicate and cooperate in advancing the child's welfare;

(3) the wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age;

(4) whether the child has established a close and beneficial relationship with both of the persons awarded joint custody;

(5) whether the persons awarded joint custody:

      (A) live in close proximity to each other; and

      (B) plan to continue to do so; and

(6) the nature of the physical and emotional environment in the home of each of the persons awarded joint custody.

Mother does not contest any of the trial court's findings of fact.[2] Mother argues the trial court abused its discretion because its findings do not support a conclusion that joint legal custody is proper. Father contends that despite the parties' communication problems, their relationship does not amount to a "battleground," and thus joint legal custody is still appropriate. Appellee's Brief at 6 (citing Aylward v. Aylward, 592 N.E.2d 1247, 1252 (Ind. Ct. App. 1992)).

Mother is correct that she and Father did not agree to joint legal custody, and that the trial court found Mother and Father "have a history of being unable to communicate effectively." Appellant's App. at 10. However, as Father points out, the trial court also listed several key aspects of the dissolution of their marriage that Mother and Father agreed upon outside of court, including the physical custody of S.G., child support, health insurance, and a

_____

[2] Mother mistakenly argues the trial court's findings included a finding that it would be in the best interest of S.G. for the parties to have joint legal custody. The trial court made a conclusion to that effect,

5

resolution for the marital residence. In determining "whether [Mother and Father] are willing and able to communicate and cooperate in advancing [S.G.]'s welfare," despite their having communication issues, the fact that they were able to agree to so many key aspects of the dissolution of their marriage indicates they are able to communicate and cooperate when it comes to advancing S.G.'s welfare. Further, the trial court's findings demonstrate that S.G.'s needs–namely his education, tutoring, counseling, and medical needs–were being addressed in a proper fashion. It may be the case that Mother primarily handled those issues for S.G., but it is important to note that the trial court did not find that Mother and Father had much difficulty in agreeing how to resolve S.G.'s needs.

Additionally, as to whether Mother and Father live in close proximity to each other, the trial court found that Father lives in Whitley County, Indiana. While the finding could have been more explicit, it indicates that Mother and Father live in relatively close proximity to each other. Further, Mother admits that this factor of Indiana Code section 31-17-2-15 "was clearly met." Appellant's Reply Brief at 3.

Even if Mother and Father have difficulty communicating and do not immediately reach consensus while making decisions, as Mother points out, the trial court's findings demonstrate that they resolved various issues on their own pertaining to the dissolution of their marriage, and S.G.'s needs have been met without substantial disagreement between the parties. Additionally, the parties live in close proximity to each other. Thus, the trial court's findings support its conclusion that joint legal custody is in the best interest of S.G, and the trial court did not abuse its discretion.

---

rather than a finding.

6

## Conclusion

The trial court did not abuse its discretion in ordering Mother and Father to share joint legal custody of S.G., and we therefore affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.